UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE RODRIGUES, pro se,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., U.S. BANK N.A., HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), WMC MORTGAGE CORP., GENERAL ELECTRIC COMPANY and DOES 1-100,<br><br>        Defendants. | Civ. No. 16-cv-3845 (KM)<br><br>OPINION |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the plaintiff's motion for reconsideration (ECF nos. 34, 35). For the reasons stated herein, that motion is denied.

Jose Rodriguez brings this action in connection with a 2005 mortgage and 2007 refinancing on his property in Kearny, New Jersey. By Order (ECF no. 33) and Opinion (ECF no. 32) dated December 23, 2016, I granted the motions under Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of jurisdiction, and under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief may be granted. Those three motions were brought by defendants General Electric Company ("GE") and WMC Mortgage Corp. ("WMC"); HSBC Bank USA National Association as Trustee ("HSBC"), U.S. Bank N.A. ("U.S. Bank"), and Wells Fargo Bank, N.A. ("Wells Fargo"); and Mortgage Electronic Registration Systems, Inc. ("MERS") (ECF no. 24).

1

The motions to dismiss were granted on the following grounds. First, the court lacks jurisdiction over some (but not all) of the plaintiff's claims under the *Rooker-Feldman* doctrine. (Opinion § III.A) Second, doctrines of *res judicata*, including New Jersey's entire controversy rule, bar the plaintiff's claims. The plaintiff had a full and fair opportunity to litigate these matters in a prior state court action, in which the grant of summary judgment in favor of defendants was affirmed on appeal. *See Rodrigues v. Wells Fargo Bank, N.A.*, No. A-2373-14T4, 2016 WL 2759358 (N.J. Super. Ct. App. Div. May 13, 2016) (copy at ECF no. 21-3), *certif. denied*, 2016 WL 6305413 (N.J. Oct. 7, 2016). (Opinion § III.B) Finally, and in the alternative, these claims, arising out of mortgage transactions in 2005 and 2007, are barred by the applicable statutes of limitations. (Opinion § III.C)

Mr. Rodrigues has moved for reconsideration of the Court's Opinion and Order dismissing his complaint with prejudice. (ECF nos. 34, 35) Local Rule 7.1(i) governs motions for reconsideration. Such a motion must specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.* Reconsideration is granted sparingly, and only in three situations: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894 (D.N.J. May 21, 2004). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)).

Nothing in this motion approaches the threshold for reconsideration.

The plaintiff raises a number of theories as to why the 2005 mortgage and/or 2007 refinancing were invalid. (These arguments are for the most part,

but not entirely, in ECF no. 34.) There is nothing here that was not or could not have been raised in connection with the original motions to dismiss. Both the facts and the cases cited date from long ago.[1] At any rate, the Court's prior Opinion did not reach those substantive grounds, which have no bearing on the actual grounds for dismissal.

As to the actual grounds for dismissal—the *Rooker-Feldman* jurisdictional bar, *res judicata,* and the statute of limitations—the plaintiff likewise raises nothing that could not have been raised before. (These arguments are for the most part, but not entirely, in ECF no. 35.) He cites a 1991 Appellate Division decision. He states that he believes MERS was not licensed in New Jersey in 2005, but that he did not learn of that fact until 2015 and therefore did not raise it in the prior state action. Nevertheless, this fact was knowable, if not actually known to him, and it could have been raised in the earlier action. The plaintiff states that he was likewise unaware of the case of *Jesinoski v. Countrywide Home Loans, Inc.*, __ U.S. __, 135 S. Ct. 790 (2015). That case, however, was decided in 2015, and, for the reasons stated in my prior Opinion, has no application here. (Opinion § III.C) Other, more recent cases cited in the motion stand only for such general propositions as the Supreme Court's sole authority to overrule one of its own precedents. This Court was well aware of such principles when it filed its prior Opinion. Other authorities, such as a Yale Law Review Comment, do not persuade the Court.

---

[1] The single exception, the non-precedential case of *Martinez v. Bank of America,* 664 F. App'x 250 (3d Cir. Nov. 9, 2016), does not aid the plaintiff. It upheld a district court dismissal of a mortgagor's action based on the entire controversy rule.

## CONCLUSION

For the reasons expressed above, the plaintiff's motion for reconsideration (ECF nos. 34, 35) is DENIED. A separate Order accompanies this Opinion.

Dated: May 30, 2017

KEVIN MCNULTY
United States District Judge