UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE RODRIGUES, pro se,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., U.S. BANK N.A., HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), WMC MORTGAGE CORP., GENERAL ELECTRIC COMPANY and DOES 1-100,<br><br>　　　　　　Defendants. | Civ. No. 16-cv-3845 (KM)<br><br>**OPINION & ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the plaintiff's motion to reopen this closed case, pursuant to Fed. R. Civ. P. 60(b)(2). (DE 55) For the reasons stated herein, that motion is denied.

### I.　PROCEDURAL BACKGROUND

Familiarity with this matter is assumed. I touch briefly on a few essential items of procedural history.

Jose Rodrigues brings this action in connection with a 2005 mortgage on his property in Kearny, New Jersey, which was refinanced in 2007. Rodrigues entered into the 2005 mortgage with WMC. The contract designated MERS as nominee for WMC and its successors and assigns. The second, 2007 mortgage, a refinancing of the first loan, was entered into with a new lender, Wells Fargo. In connection with the 2007 refinancing, MERS as nominee for the lender executed a satisfaction and discharge of the 2005 mortgage.

1

The 2007 loan went into default in 2008. Wells Fargo placed it into a mortgage backed securities trust. Wells Fargo reassigned it to two trustees: US Bank in February 2009, and HSBC in 2013. HSBC brought a foreclosure proceeding, which was dismissed for want of prosecution.

In 2013, Plaintiff sued in state court, asserting that the mortgage was wrongfully assigned and otherwise invalid. Summary judgment was entered against him, and that judgment was affirmed on appeal. *Rodrigues v. Wells Fargo Bank, N.A.*, No. A-2373-14T4, 2016 WL 2759358 (N.J. Super. Ct. App. Div. May 13, 2016) (copy at DE 21-3).

In 2016, Plaintiff brought this federal action. By Order (DE 33) and Opinion (DE 32) dated December 23, 2016, I granted motions to dismiss filed by defendants General Electric Company ("GE") and WMC Mortgage Corp. ("WMC"); HSBC Bank USA National Association as Trustee ("HSBC"), U.S. Bank N.A. ("U.S. Bank"), and Wells Fargo Bank, N.A. ("Wells Fargo"); and Mortgage Electronic Registration Systems, Inc. ("MERS"). By Opinion and Order filed May 30, 2017 (DE 49, 50), I denied the plaintiff's motion for reconsideration.

On June 12, 2017, Plaintiff filed a notice of appeal to the U.S. Court of Appeals for the Third Circuit. (DE 51) By opinion filed on September 26, 2018, the Court of Appeals, while rejecting some of this court's reasoning, upheld the dismissal of the case. (DE 54-1) The Court of Appeals' mandate issued on October 18, 2018. (DE 54)

Meanwhile, in 2017, HSBC again filed an action in foreclosure in State court. (No. SWC-F-22508-17) Mr. Rodrigues's defenses have been stricken and summary judgment has been granted in HSBC's favor. (DE 58-16 at 2–11) Final judgment has been entered. (DE 58-19)

Apparently, Plaintiff moved in the Third Circuit to reinstate his appeal based on new evidence. He attaches to his papers an order of the clerk of the Court of Appeals denying the motion because any such arguments were required to "have been made prior to the conclusion of the appeal." (DE 55-1 at

2

50) The clerk's order advises Plaintiff that any motion for relief based on new evidence must be filed in the district court pursuant to Rule 60(b)(2). (*Id.*)

This (DE 55) is that Rule 60(b)(2) motion. It is titled "Motion to Reopen the Case Pursuant to Fed. R. Civ. P. 60(b)(2) based on newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

## II. DISCUSSION

Federal Rule of Civil Procedure Rule 60(b) authorizes the Court to issue relief from a final judgment, order, or proceeding. "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 271 (3d Cir. 2002) (citing *Boughner v. Sec'y of Health, Educ., & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). The movant under Rule 60(b) "bears a heavy burden." *Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 434 F. App'x 109, 111 (3d Cir. 2011) (citing *Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995)).

Plaintiff's motion, picking up on the suggestion of the clerk of the U.S. Court of Appeals for the Third Circuit, cites Rule 60(b)(2). That subsection provides that on motion and just terms, the court may relieve a party or its legal representative from a final judgment or order based on "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

### A. Timeliness

A motion under Rule 60(b) "must be made within a reasonable time—and for reasons [60(b)] (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). *See Lewis v. Warden Canaan USP*, 749 F. App'x 98, 99 (3d Cir. 2019) ("However, a

3

motion under Rule 60(b)(2) must be filed within one year of the judgment that is challenged; here, Lewis filed his Rule 60(b) motion more than 19 months after the District Court's judgment. Therefore, as the District Court concluded, the motion was untimely."); *Bank of Am., N.A. v. Westheimer*, 683 F. App'x 145, 151 (3d Cir. 2017) (upholding dismissal of Rule 60(b)(2) motion made after nine months, which was within the one-year outside deadline, but still not within a "reasonable time").

What event sets the one year/reasonable time clock running? An important hint is found in the requirement that the challenged judgment or order be "final." "[T]here is an interdependence between the 'finality' required for Rule 60(b) and section 1291." *Torres v. Chater*, 125 F.3d 166, 168 (3d Cir. 1997); *see also Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118 (3d Cir. 2004) ("Rule 60(b) must be limited to review of orders that are independently 'final decisions' under 28 U.S.C. § 1291").[1] And the Third Circuit, adopting the approach of the Seventh Circuit, has squarely held that an appeal of a judgment does not extend the deadline for filing a Rule 60(b) motion:

> The one year "time limit is not extended by the maintenance of an appeal." *Egger v. Phillips*, 710 F.2d 292, 329 (7th Cir.), *cert. denied*, 464 U.S. 918, 104 S. Ct. 284, 78 L.Ed.2d 262 (1983); *accord, e.g., Carr v. District of Columbia*, 543 F.2d 917, 926 (D.C. Cir. 1976). The one year time limit has now run and a remand will not alter

---

[1] "Section 1291" is a reference to 28 U.S.C. § 1291, which confers appellate jurisdiction over appeals from "final decisions" of the district courts:

> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

A final decision is "one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 160 (3d Cir. 2004) (quotations and citations omitted).

Section 1291 is to be contrasted with 28 U.S.C. § 1292, which permits an appeal from a nonfinal, interlocutory injunctive order.

4

that fact. This is not a harsh result. If the haulers had been willing
to delay consideration of their appeal, they could have filed their
Rule 60(b)(2) motion in the district court within the one year period
and then sought a remand from this court.

*Hancock Indus. v. Schaeffer*, 811 F.2d 225, 239 (3d Cir. 1987); *see also Cardona v. Lewisburg*, 538 F. App'x 136, 137 (3d Cir. 2013) ("As he did in the District Court, Cardona argues that his previous appeal to us tolled the one-year deadline. . . . [I]t did not.") (citing *Hancock*).

Here, summary judgment was entered on December 23, 2016. (DE 32, 33) Reconsideration was denied on May 30, 2017. (DE 49, 50) That was the final, appealable decision of the district court, and the one-year deadline of Rule 60(c) ran from that date. In the interim, on June 12, 2017, Plaintiff filed a timely notice of appeal from that final decision of the district court. But, as *Hancock* held, the pendency of that appeal did not affect the running of the Rule 60(c) deadline.

The one-year outside deadline of Rule 60(c) thus expired on May 30, 2018.[2] Plaintiff's Rule 60(b)(2) motion was filed nearly sixteen months later, on September 23, 2019. It is untimely, and must be denied for that reason alone.[3]

---

[2] I set aside the potentially more restrictive requirement of Rule 60(c) that a motion under Rule 60(b)(2) be filed within a "reasonable time," but in any event no longer than one year.

[3] The body of the motion refers to "fraud" in the form of the filing of a "fraudulent" discharge of the mortgage by MERS as nominee. Assuming that a motion under Rule 60(b)(3) was intended, it would nevertheless be untimely under the outside one-year limitation of Rule 60(c)(1).

A motion under the "catchall" provision of Rule 60(b)(6) might theoretically be available, and would be subject only to the "reasonable time" limitation, not the outside one-year limit. Such motions, which require extraordinary circumstances, are routinely considered in the alternative but denied on both timeliness and substantive grounds:

> Lewis might also attempt to proceed under Rule 60(b)(6). A motion under Rule 60(b)(6) must be filed "within a reasonable time." Rule 60(c)(1). Even assuming that Lewis's motion is timely under that standard, *cf. Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time), he has failed to demonstrate the

5

## B. Substance of Motion

In the alternative, I would deny the motion because it fails to measure up to Rule 60(b)(2)'s demanding substantive standard:

> That standard requires that the new evidence
>
> requisite "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur," *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).

*Lewis v. Warden Canaan USP*, 749 F. App'x 98, 99 (3d Cir. 2019). *See also Ross v. Meyer*, 741 F. App'x 56, 61 (3d Cir. 2018).

The circumstances here do not support the conclusion that this motion, even if considered as one under Rule 60(b)(6), was brought within a reasonable time after the basis for it became known. "Extraordinary circumstances" cannot consist simply of a party's having brought what amounts to a Rule 60(b)(2) motion too late; that would render the one-year time limit meaningless.

More fundamentally, there is no showing of other extraordinary circumstances that would justify reopening the judgment. A claim of legal error, particularly where appellate correction was available, comes nowhere near. The Court of Appeals has given some notion of what is entailed in the concept of "extraordinary":

> The remedy provided by Rule 60(b) is "extraordinary, and special circumstances must justify granting relief under it." *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir.1986) (Garth, J., concurring). *See Marshall v. Board of Educ.*, 575 F.2d 417, 425 (3d Cir.1978) (change in the law not extraordinary); *Martinez-McBean v. Government of the Virgin Islands*, 562 F.2d 908, 911 (3d Cir.1977) (legal error, inconsistencies with legal precedent, and impatience with *pro se* plaintiff's lack of legal skill not extraordinary); *Mayberry II*, 558 F.2d at 1163 (changed circumstances not extraordinary); *Vecchione v. Wohlgemuth*, 558 F.2d 150, 159 (3d Cir.) (Commonwealth's unwillingness to return money or entertain court proceedings not extraordinary) (quoting *Mayberry I*, 529 F.2d at 335), *cert. denied*, 434 U.S. 943, 98 S.Ct. 439, 54 L.Ed.2d 304 (1977); *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir.1975) (allegation that jury did other than what it intended not extraordinary). *See also Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950) (denaturalization judgment erroneous and failure to appeal on advice of counsel and Alien Control Officer not extraordinary). *Compare Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949) (extraordinary circumstance found where United States obtained a default judgment while holding the plaintiff in jail).

*Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346–47 (3d Cir. 1987).

6

> (1) be material and not merely cumulative,
>
> (2) could not have been discovered before trial through the exercise of reasonable diligence and
>
> (3) would probably have changed the outcome of the trial.

*Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995) (line breaks added) (citing *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)); *accord Floorgraphics Inc. v. News Am. Mktg. In- Store Servs., Inc.*, 434 F. App'x 109, 111 (3d Cir. 2011).

Attached to the motion are the following pieces of "new evidence," which I discuss briefly.

**Exhibit A** is a filing in the Delaware bankruptcy case of WMC Mortgage, LLC. (DE 55-1 at 2) The substance, involving a motion to extend certain deadlines, is not significant in itself.

**Exhibit B** is a transcript from a hearing in the WMC Mortgage bankruptcy, dated August 23, 2019. ("WMC Tr.", DE 55-1 at 10) During the hearing, Mr. Rodrigues requests permission to address the court, but states that he lacks language skills, and obtains leave to have a friend, Ms. Marilyn English, speak on his behalf. (WMC Tr. 8–10) Ms. English refers to a 2015 OPRA request which yielded the information that MERS was a recording agent, but not a servicer, of loans. (*Id.* at 10) Two attorneys, she states, "Adam Levitin from Georgetown and Christopher Peterson from Quinney [sic] have both said that 60 million titles are corrupt because they included a MERS." (*Id.*) Citing her own professional experience, she states that Mr. Rodrigues's loan was "predatory." (*Id.* at 11–12) MERS, she says, was not authorized to release the first, 2005 loan, which would in her view render the second 2007 loan void because there cannot be "two first mortgages." In addition, the original note was not returned. These issues, she points out to the bankruptcy judge, were placed in front of me, Judge McNulty, in this action, but I failed to address

7

them adequately in my decision. (*Id.* at 12–13)[4] The bankruptcy judge responded that my decision was final, and that even if it was wrong, the remedy lay in the U.S. Court of Appeals for the Third Circuit—"But you lost there." (*Id.* at 14). Ms. English then expressed the opinion that "[t]he Courts in New Jersey are very bad, state and federal" and that "[i]n New Jersey, they don't care about the constitution, discovery, due process, the judicial function." (*Id.* at 15–16) The bankruptcy judge repeated that there had been a final decision by this court which had been unsuccessfully appealed to the Third Circuit, and that there was nothing he could do. (*Id.* at 17–18)

As conceded by Ms. English on behalf of Mr. Rodrigues, and recognized by the bankruptcy court, these are all matters that were raised previously in this action, both on the motion to dismiss in 2016 and in the motion for reconsideration in 2017.[5] Mr. Rodrigues appealed to the U.S. Court of Appeals for the Third Circuit, which rejected his arguments as a matter of law and affirmed the dismissal. The bankruptcy court transcript, to be sure, dates from thereafter, in 2019, but substantively it merely rehashes old material; nothing in it constitutes "new evidence" that was previously unavailable.

**Exhibit C** is a copy of an email exchange dated March 30, 2015, between Ms. English and Diane Scholl, who is identified as "supervisor, Banking Licensing, Licensing Services Bureau, New Jersey Department of Banking and Insurance." (DE 55-1 at 32). In the email, Ms. Scholl states that

---

[4] Interestingly, Ms. English states that "we" raised the issue, and that "I've [*i.e.*, that Ms. English has] argued this" in this action. (*Id.* at 13) The brief of Mr. Rodrigues on this motion concedes that these contentions were placed before this court, and argues only that the court overlooked them or decided them erroneously. (DE 55, passim)

[5] The law professors referred to, Adam Levitin of Georgetown and Christopher L. Peterson of the University of Utah, were reported to have raised these issues about MERS in 2010, years before Mr. Rodrigues filed his state court action or this federal action. *See, e.g.,* https://www.nytimes.com/2010/10/19/business/19norris.html.

8

"Mortgage Electronic Registration Systems does not and has never been licensed by NJDOBI Banking (non-depository)." (*Id.*)

This material was obviously available in 2015, well before Mr. Rodrigues filed this lawsuit or submitted his papers in opposition to the motion to dismiss. Indeed, Plaintiff's January 3, 2017 brief in support of reconsideration implies as much: it states that "Plaintiff was unaware of the non-licensing of Mortgage Electronic Registration Systems, Inc. ("MERS") until late 2015." (DE 34 at 5)

**Exhibit D** is a copy of the satisfaction and discharge of the 2005 mortgage by MERS (DE 55-1 at 34), and **Exhibit E** is a copy of the mortgage itself, referring to discharge by "the Lender." (DE 55-1 at 36) The significance of these, according to the Plaintiff, is that the discharge was not filed by the actual lender, but by MERS as the lender's nominee, *i.e.*, "as nominee for WMC Mortgage Corp." (*Id.*)

These documents were available, and indeed were surely in the Plaintiff's possession, in 2007. Plaintiff made precisely these arguments in this action in 2016–17. This is not newly discovered evidence.

**Exhibit F** is a copy of the Third Circuit clerk's dismissal of Plaintiff's motion to reinstate his appeal, referred to above. (DE 55-1 at 50) It is not probative of any issue relevant to the merits.

The plaintiff's motion also refers to a $1.5 billion settlement between the U.S. Department of Justice and General Electric in connection with the use of subprime loans originated by WMC Mortgage in the marketing of residential mortgage-backed securities. Although Mr. Rodrigues's 2005 loan (not the defaulted 2007 refinance loan) was originated by WMC, this settlement does not relate to its validity in any direct way. Indeed, the focus is on harm to investors who were misled about the quality of the underlying subprime loans when they bought residential mortgage-backed securities. *See* https://www.justice.gov/opa/pr/general-electric-agrees-pay-15-billion-

9

penalty-alleged-misrepresentations-concerning-subprime. This settlement was reached in 2019. Nothing about this settlement, however, constitutes new evidence that would warrant reopening the judgment.

## ORDER

For the reasons stated above,

IT IS this 16th day of January, 2020,

ORDERED that the plaintiff's Rule 60(b) motion (DE 55) to reopen the court's judgment is DENIED; and it is further

ORDERED that the cross-application (DE 58) to have the plaintiff declared a vexatious litigant and enjoined from further filings with respect to the 2007 loan or property is DENIED.

The clerk shall close the file.

_____
KEVIN MCNULTY
United States District Judge